**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **JOE BOSTICK,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )  **Case No.** |
| | ) |
| **EAGLE'S LANDING RESTAURANTS, LLC.** | ) |
| **d/b/a IHOP** | ) |
|         **Defendant.** | ) |

## COMPLAINT

Plaintiff, Joe Bostick ( "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Eagle's Landing Restaurants, LLC d/b/a IHOP ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) and he seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of suffering or permitting Plaintiff to work off-the-clock and failing to pay him for all overtime hours worked.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Florence, South Carolina.

4. Plaintiff was employed by Defendant from approximately May 2021 to October 15, 2021, at Defendant's IHOP restaurant located at 2699 David H. McCloud Blvd, Florence, South Carolina.

5. Defendant is a domestic limited liability company registered and in good standing in the State of South Carolina.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conducts business in Florence County, South Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Florence County, South Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. Defendant owns and operates 20 IHOP Family Restaurants in North Carolina, South Carolina, and Georgia.

15. At all relevant times, Plaintiff was employed by Defendant as a cook on the third shift and was paid on an hourly basis and he was not exempt from the overtime provisions of the FLSA.

16. Plaintiff was paid an hourly rate of pay of $15.00/hr.

17. Plaintiff regularly worked off-the-clock performing uncompensated work for the benefit of Defendant. Plaintiff was normally scheduled to work from 8pm to 2am or 3am. However, Defendant regularly required Plaintiff to continue working as a cook until 6am or 6:30am each shift. In additional Plaintiff was regularly required to work 6 days per week.

18. Plaintiff worked approximately 20 to 25 hours per week of overtime without pay during his tenure with Defendant.

3

19. Defendant did not record the time, or altered the time records of Plaintiff, so that the records did not properly reflect all hours worked by Plaintiff.

20. Plaintiff regularly worked in excess of forty (40) hours per week during his tenure with Defendant.

21. Defendant had knowledge that Plaintiff regularly worked more than forty (40) hours per workweek.

22. Defendant knew or should have known that Plaintiff performed work outside of his scheduled work hours.

### (First Cause of Action-Violation of FLSA – Overtime)

23. Plaintiff incorporates by reference paragraphs 1-22 of his Complaint.

24. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

25. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff.

26. Defendant's violation of the FLSA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d)         An Order awarding interest at the highest rates allowed by law; and

e)         An Order granting such other and further relief as may be necessary and appropriate.

f)          Plaintiff demands a jury trial in this matter.

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla (Fed ID No: 12639)
The Law Offices of Jason E. Taylor.
115 Elk Ave.
Rock Hill, SC 29730
Telephone: 803-328-0898
E-Mail: jmodla@jasonetaylor.com